**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pima Heart Physicians PC, | No. CV-24-00606-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Sonoran Vein and Endovascular LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Pima Heart Physicians PC's ("Pima Heart") Motion to Transfer. (Doc. 21; sealed unredacted version at Doc. 25.) Defendants Sonoran Vein and Endovascular LLC ("Sonoran Vein"), Luis R. Leon, Jr. ("Dr. Leon"), and Heather Bailey ("Bailey") responded in opposition (Doc. 34), and Plaintiff filed a Reply (Doc. 41). For the following reasons, the Court finds it appropriate to transfer this action back to the Phoenix Division in which it was originally filed.[1]

**I.   Background**

Pima Heart is a provider of cardiovascular care in Southern Arizona. (Doc. 1 at 4-5 ¶ 14.)[2]  Dr. Leon formerly worked for Pima Heart as a vascular surgeon, and Bailey formerly worked for Pima Heart as an officer manager and registered nurse. (*Id.* at 9, 12

---

[1] On December 23, 2024, Plaintiff filed a Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause for Preliminary Injunction. (Doc. 10; sealed unredacted version at Doc. 16.) Because the Court finds this action should be transferred back to the Phoenix Division, the Court does not address Plaintiff's Motion for Temporary Restraining Order. The Court also does not address Plaintiff's Motion to Seal Reply (Doc. 42).

[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

¶¶ 28, 41.) In late 2021, ACOF VI USHV Holdings, L.P. acquired Pima Heart. (*Id.* at 9 ¶ 27.) During the acquisition, Dr. Leon entered into several agreements, including an Amended and Restated Employment Agreement ("Employment Agreement") and a Restrictive Covenant Agreement. (*Id.* at 10 ¶ 33; *see also* Docs. 16-4 and 16-5.)

Pima Heart terminated Dr. Leon's employment effective August 5, 2024. (Doc. 1 at 13 ¶ 47.) Bailey terminated her employment with Pima Heart at approximately the same time as Dr. Leon's departure. (*Id.* at 15 ¶ 57.) Plaintiff alleges that Defendants misappropriated Pima Heart's trade secrets and solicited Pima Heart's employees and business opportunities during and following their departure from Pima Heart; that Dr. Leon breached non-compete provisions of the Employment Agreement and Restrictive Covenant Agreement by providing competitive services for Sonoran Vein following his termination from Pima Heart; and that Sonoran Vein interfered with the contractual obligations of Dr. Leon and other former Pima Heart employees. (*Id.* at 18-23 ¶¶ 66-99.)

Plaintiff initiated this action in the Phoenix Division of the District of Arizona on December 17, 2024, asserting claims for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, breach of contract, breach of loyalty, and tortious interference with contractual relationships. (Doc. 1; sealed unredacted version at Doc. 15.) On December 20, 2024, District Judge Diane J. Humetawa *sua sponte* transferred this action to the Tucson Division pursuant to LRCiv 77.1. (Doc. 9.)[3] Plaintiff then filed the pending Motion to Transfer (Doc. 21), which relies on a forum-selection clause not addressed in Judge Humetawa's December 20, 2024 Order.

## II. Legal Standard

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the

---

[3] Local Rule of Civil Procedure 77.1 provides that, unless otherwise ordered by the Court, all civil cases founded on causes of action "arising in the Phoenix division shall be tried in Phoenix," and all civil cases founded on causes of action "arising in the Tucson division shall be tried in Tucson." LRCiv 77.1(c).

claim occurred." 28 U.S.C. § 1391(b)(1)-(2).[4] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court also may, in its discretion and upon motion or consent of the parties, transfer a civil action "from the division in which [it is] pending to any other division in the same district." *Id.* § 1404(b). "Intradistrict transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under 28 U.S.C. § 1404(a)," but they "are judged by a less rigorous standard." *Cheval Farm LLC v. Chalon*, No. CV-10-01327-PHX-ROS, 2011 WL 13047301, at *2 (D. Ariz. Jan. 19, 2011).

A forum-selection clause "may be enforced through a motion to transfer" under § 1404, and "proper application" of § 1404 "requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 69-70 (2013) (internal quotation marks omitted). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses[.]" *Id.* at 64. Forum-selection clauses are presumptively valid, and the burden is on the party opposing enforcement to "clearly show that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

### III.  Discussion

Plaintiff argues that a forum-selection clause in Dr. Leon's Employment Agreement requires that this action proceed in Maricopa County, and that the forum-selection clause is mandatory, valid, and enforceable. (Doc. 21 at 14-17.) Plaintiff further argues that its claims against Dr. Leon, Sonoran Vein, and Bailey arise from the same operative facts and should be tried together in Maricopa County. (*Id.* at 17-18; *see also* Doc. 41 at 12-13.) Plaintiff also contends that Sonoran Vein and Bailey are bound

---

[4] There is no dispute that venue in the District of Arizona is appropriate under § 1391(b).

by the forum-selection clause in Dr. Leon's Employment Agreement because their alleged conduct is closely related to the obligations set forth in that Agreement. (Doc. 21 at 18-19; *see also* Doc. 41 at 9-12.)

In response, Defendants argue that Plaintiff's claims in this action should have been filed as mandatory counterclaims in a state-court action initiated by Sonoran Vein, and they indicate they intend to move for dismissal. (Doc. 34 at 11-14.)[5] Defendants then note that Dr. Leon's Employment Agreement contains a mandatory arbitration provision which Defendants assert conflicts with the Agreement's forum-selection clause. (*Id.* at 14.) Defendants further note that other contracts mentioned in Plaintiff's Complaint—the MIPA and the Restricted Unit Award—contain conflicting forum-selection clauses, which Defendants contend shows a lack of a meeting of the minds. (*Id.* at 14-16.) Defendants argue that the forum-selection clause in Dr. Leon's Employment Agreement cannot be enforced against Sonoran Vein and Bailey, because neither is a signatory to the Employment Agreement, and Bailey's alleged conduct is unrelated to the Employment Agreement. (*Id.* at 16-18.) Finally, Defendants argue that Plaintiff's claims are more closely related to Pima County than to Maricopa County, as they involve Pima County residents and actions that occurred in Pima County. (*Id.* at 18-19.)

A forum-selection clause may be unenforceable if conflicting provisions show "there was no meeting of the minds" on the clause. *Laxmi Invs., LLC v. Golf USA*, 193 F.3d 1095, 1097 (9th Cir. 1999). Here, however, Defendants have not shown any such conflicts. The forum-selection clause of Dr. Leon's Employment Agreement requires any action or claim arising from the Agreement to be brought in a state or federal court within Maricopa County, Arizona, and requires the parties to consent to venue within Maricopa County, to the extent the action is not subject to arbitration. (Doc. 16-5 at 17.) The mandatory arbitration provision of the Agreement excludes from its scope actions

---

[5] The Court expresses no opinion on any forthcoming motion for dismissal or on the merits of any forthcoming abstention arguments. Instead, the Court focuses on the matter at issue in Plaintiff's Motion to Transfer, namely, whether this action should be transferred back to the Phoenix Division of the United States District Court for the District of Arizona.

1  arising from the confidentiality, non-compete, and non-solicitation provisions that give
2  rise to Plaintiff's claims in this action.  (*Id.*)  Accordingly, there is no irreconcilable
3  conflict between the forum-selection clause and the mandatory arbitration provision.
4  Plaintiff's claims in this action do not arise from the MIPA or Restricted Unit Award
5  agreements, and therefore those agreements' forum-selection clauses are not relevant.

6  Defendants have not shown that enforcement of the Employment Agreement's
7  forum-selection clause as to Dr. Leon would be unjust or unreasonable, or that the clause
8  is invalid due to fraud or overreaching.  *See M/S Bremen*, 407 U.S. at 15.  Accordingly,
9  the Court finds the forum-selection clause enforceable as to Dr. Leon.  Defendants do not
10 dispute that the forum-selection clause is broad enough to cover all of Plaintiff's claims
11 against Dr. Leon.

12 Non-signatories to a forum-selection clause may nevertheless be subject to the
13 clause if their alleged conduct is "closely related to the contractual relationship."
14 *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988).  In
15 determining whether a non-signatory should be subject to a forum-selection clause, "the
16 Court is required to focus on the Complaint's allegations" and may not evaluate the
17 merits of those allegations.  *Meridian PO Finance LLC v. OTR Tire Grp., Inc.*, 507 F.
18 Supp. 3d 1148, 1158 (D. Ariz. 2020).  Plaintiff alleges that Sonoran Vein interfered with
19 Dr. Leon's contractual obligations in the Employment Agreement.  (Doc. 1 at 22-23.)
20 These allegations are so closely related to the contractual relationship that the forum-
21 selection clause may be enforced against Sonoran Vein.  *See Medtronic, Inc. v.
22 Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056-57 (D. Minn. Jan. 7, 2008) (finding new
23 employer that allegedly tortiously interfered with plaintiffs' former employees'
24 employment agreements was bound by forum-selection clause in the agreements).

25 Plaintiff's allegations against Bailey are farther removed: Plaintiff alleges that
26 Bailey misappropriated trade secrets and solicited Pima Heart's employees and business
27 opportunities, in violation of her own confidentiality obligations and duties of loyalty.
28 (Doc. 1 at 18-22.)  Nevertheless, Plaintiff's claims against Dr. Leon, Sonoran Vein, and

Bailey arise from a common nucleus of operative facts, and trying them together would best serve judicial efficiency. "[T]he overarching consideration" under § 1404 "is whether a transfer would promote the interest of justice." *Atlantic Marine Constr. Co.*, 571 U.S. at 63 (internal quotation marks omitted). Here, transferring this entire action back to the Phoenix Division would "prevent the waste of time, energy, and money" that would arise from severing Plaintiff's closely related claims. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

Accordingly,

**IT IS ORDERED** that the Motion to Transfer (Doc. 21; sealed unredacted version at Doc. 25) is **granted**. The Clerk of Court is directed to **transfer** the above-entitled action back to the Phoenix Division.

Dated this 30th day of January, 2025.

_____
Honorable Rosemary Márquez
United States District Judge