**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pima Heart Physicians PC, | No. CV-25-00372-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Sonoran Vein and Endovascular LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause for Preliminary Injunction (Doc. 10; Doc. 16 (under seal)). Defendants filed a Response in opposition (Doc. 26; Doc. 32 (under seal)) and Plaintiff filed a Reply (Doc. 35; Doc. 40 (under seal)). For the reasons set forth below, the Court will deny the Motion without prejudice at this time, so it will not hear oral argument on the Motion. *See* LRCiv 7.2(f).

In this case, Plaintiff Pima Heart Physicians PC ("Pima Heart") brings three claims against Defendants Luis R. Leon, M.D.—a former partner in Pima Heart's cardiology practice—and Heather Bailey, R.N.—Pima Heart's former Office Manager—for violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.* ("DTSA"), as well as for breaches of contract and the duty of loyalty under state law, on account of their conduct in joining a competing cardiology practice, Defendant Sonoran Vein and Endovascular, LLC ("Sonoran Vein"). (Doc. 1; Doc. 15 (under seal), Compl. Counts 1–3.) Pima Heart also brings the DTSA claim against Sonoran Vein as well as a state law claim against it for

tortious interference with contractual relationship. (Compl. Counts 1, 4.)

Pima Heart filed the Complaint in this action on December 17, 2024, and filed the pending TRO Motion a week later. In the briefing on the Motion, Sonoran Vein informs the Court that, a month before Pima Heart filed this action, Sonoran Vein filed an action in Arizona state court, (*Sonoran Vein & Endovascular, LLC v. Pima Heart Physicians, PC*, Pima County Superior Court Case No. C20247048 (later transferred to Maricopa County Superior Court)), raising some claims that overlap with the present, later-filed action and in any event arising out of the same operative facts. (Doc. 26, Resp. at 9–11.) Sonoran Vein thus states it intends to file a motion to dismiss this action. (Resp. at 11.) In reply, Pima Heart contends that Sonoran Vein is actually arguing that this Court should abstain in deference to the earlier-filed state court action, but that the case law teaches that Pima Heart may bring a separate federal action on claims even if it could have brought them as counterclaims in the state court action, and no exceptional circumstances exist for this Court to abstain here. (Doc. 35, Reply at 12–13.)

Before the Court can address Pima Heart's request for preliminary injunctive relief, the Court must determine whether it is appropriate to adjudicate Pima Heart's claims in this matter in light of the parallel, earlier-filed state court proceeding. In that proceeding, Sonoran Vein seeks a declaratory judgment that Dr. Leon did not violate his employment agreements with Pima Heart, which is simply the negative of Pima Heart's claim against Dr. Leon in Count 2 of the present lawsuit. (*Compare* Compl. Count 2 *with* Doc. 10-34 Counts 1, 2.) Those claims thus directly overlap, creating a risk of conflicting rulings by the state court and this Court. Although the other claims in the present action arise from essentially the same operative facts, they are not brought in the state court action.

Where the federal action addresses an issue or issues identical to those in a pending state case, federal courts may stay the federal case. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 815 (1976). While the Supreme Court has clarified that such a stay is based on "wise judicial administration, giving regard to conservation of judicial

resources," rather than principles of federalism and federal-state relations, and is thus not technically abstention, *see id.*, 424 U.S. at 817, the effect is practically identical.

In evaluating the propriety of a stay under *Colorado River*, district courts in the Ninth Circuit weigh eight separate factors: (1) which court first assumed *in rem* jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the *fora* obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). Doubt as to whether a factor weighs in favor of either party should be resolved against a stay. *See McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 920 (D. Ariz. 2013). The Court must balance each of these factors as they apply in the case at hand, and the balance is "heavily weighted in favor of exercising jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). None of the factors is by itself determinative. *Colorado River*, 424 U.S. at 818.

Here, the Court must evaluate the factors applicable to this action to determine if the Court should stay resolution of any or all of Pima Heart's claims in deference to the state court proceeding. Accordingly, the Court will require the parties to submit briefs on this issue before it proceeds further in this case.

Sonoran Vein also argues that Pima Heart is judicially estopped from bringing the claims in this action based on representations Pima Heart made in state court that it intended to bring its claims as counterclaims in that action, upon which representation the state court judge relied in denying Sonoran Vein's request for immediate declaratory relief. (Resp. at 10.) Judicial estoppel exists to protect the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotation marks and citations omitted); *see also Baughman v. Walt Disney World Co.*, 685 F.3d 1131,

1133 (9th Cir. 2012). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire*, 532 U.S. at 749 (internal quotation marks and citations omitted). The application of judicial estoppel is appropriate to bar litigants from taking inconsistent positions not only in the same case, but also in two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

In its brief on the present Motion, Sonoran Vein states that, in response to Sonoran Vein's request for expedited declaratory relief in state court, Pima Heart asserted to the state court that "this is not a pure declaratory relief case because Pima Heart intends to file counterclaims against [Sonoran Vein and Dr. Leon], and other related individuals, including claims arising out of the same operative facts." (Resp. at 10.) The citation Sonoran Vein provided for that statement is Doc. 10-34 at 10:15-17, but that citation does not lead the Court to the quoted statement. Indeed, the Court has reviewed the entire record in this case and cannot locate the statement Pima Heart allegedly made to the state court.[1] The Court will require the parties to brief the issues of judicial estoppel together with whether the Court should stay any of the claims in this matter under *Colorado River*. The Court also requests that the parties provide in their briefing a status of the state court action.

**IT IS THEREFORE ORDERED** denying without prejudice Plaintiff's Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause for Preliminary Injunction (Docs. 10, 16).

**IT IS FURTHER ORDERED** that the parties shall brief the issues identified in this Order, together with any related motions they wish to make, on the following schedule:

…

…

….

---

[1] The Court did locate a statement in the state court hearing transcript that Pima Heart intended to bring counterclaims in the state court action. (Doc. 35-5, Superior Ct. Tr. of Dec. 13, 2024 Hr'g on Order to Show Cause at 24.)

1  Defendants' brief by **February 25, 2025**; Plaintiff's response brief by **March 11, 2025**;
2  and Defendants' reply brief by **March 18, 2025**. The ordinary page limitations provided in
3  the Local Rules shall apply.
4      Dated this 7th day of February, 2025.

Honorable John J. Tuchi
United States District Judge